**Barry GLASSER, Plaintiff,**

v.

**GROUP W SATELLITE COMMUNICATIONS, INC., Defendant.**

**Civ. No. B–89–664 (WWE).**

United States District Court, D. Connecticut.

April 5, 1991.

Joseph LoCascio, Donna L. Ruhling Laviano and William Laviano, Ridgefield, Conn., for plaintiff.

Michael Petropoulos and Barry J. Waters, Murtha, Cullina, Richter & Pinney, New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, District Judge.

Plaintiff, Barry Glasser, commenced this action against defendant, Group W Satellite Communications, Inc. Plaintiff's complaint alleges that defendant unlawfully terminated his employment in violation of the Age Discrimination in Employment Act. 29 U.S.C. § 621 et seq. Defendant has moved for summary judgment pursuant to Fed.R.Civ.P. 56, claiming that no genuine issue of material fact exists in this action.

The undisputed facts in this case are few. Group W Satellite Communications, Inc. ("Group W") hired Barry Glasser as Manager of Playback Operations in December, 1986. During his term of employment, Glasser received one raise, and was terminated on January 31, 1989. At the time of his termination, plaintiff was forty-seven years old.

The disputed facts are many, and they are material. According to Glasser, Group W's business prospered during the course of his employment. Group W's version of its economic condition differs dramatically. Group W states that it has lost half of its customer base and consequently, has been forced to reduce its work force. In numbers, Group W claims that only three employees continue to report to Glasser's former supervisor, Dennis Long, in contrast to seventy-two prior to its economic downturn.

Plaintiff alleges several reasons for believing that his termination resulted from age discrimination. First, plaintiff recalls that as an employee of Group W his supervisor, Long, directed him to look for young

people when making hiring decisions. Allegedly, Long sought "young employees" to minimize a "union environment" at Group W. In addition, Paul Swedberg, another supervisor, expressed to Glasser his interest in acquiring younger employees. Plaintiff further states that, subsequent to his termination, Long informed him of Group W's use of younger employees to perform his former duties.

Group W denies that Long and Swedberg instructed plaintiff to hire younger individuals. Group W also denies that younger employees have assumed Glasser's responsibilities. Group W asserts that it has eliminated Glasser's position, and that James Crowe, who is older than plaintiff, performs many of plaintiff's former duties. For the reasons stated below, defendant's motion will be denied.

## DISCUSSION

A court may grant summary judgment where there is no genuine issue of material fact, and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In determining whether genuine issues of material fact exist, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. A party requesting summary judgment must demonstrate to the court that the controversy is devoid of material issues of fact such that summary judgment will not encroach upon the role of the jury. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986).

Genuine issues of material fact exist in this action. Therefore, summary judgment in favor of the defendant is unwarranted, and defendant's motion for summary judgment is DENIED.

SO ORDERED.